# Declaration of Chad Adams
# Exhibit 1

**From:** Nathan Chapman
**To:** Chad Adams
**Cc:** Joshua Joel; Bethany Cox
**Subject:** RE: [External] Charter v. Mahlum
**Date:** Wednesday, August 30, 2023 11:04:39 AM

**External Sender** - From: (Nathan Chapman <nchapman@kcozlaw.com>)
This message came from outside your organization.

Learn More

Chad, I am still waiting to hear back from my client. I will respond as soon as I hear anything.
Thank you,

**Nathan D. Chapman**
KABAT CHAPMAN & OZMER LLP
Direct: (404) 400-7303
Email: nchapman@kcozlaw.com

**From:** Chad Adams <Chad@bkbh.com>
**Sent:** Wednesday, August 30, 2023 10:14 AM
**To:** Nathan Chapman <nchapman@kcozlaw.com>
**Cc:** Joshua Joel <jjoel@kcozlaw.com>; Bethany Cox <Bethany@bkbh.com>
**Subject:** Re: [External] Charter v. Mahlum

Mr. Chapman: Just following up from our prior discussion to see if you had any updates from Charter.
Chad Adams.
Get Outlook for iOS

**From:** Chad Adams
**Sent:** Friday, August 25, 2023 5:50:55 PM
**To:** Nathan Chapman <nchapman@kcozlaw.com>
**Cc:** Joshua Joel <jjoel@kcozlaw.com>; Bethany Cox <Bethany@bkbh.com>
**Subject:** RE: [External] Charter v. Mahlum

Nathan:

Thanks for speaking with me this afternoon to discuss potential options to avoid drawn out litigation for Charter and Mr. Mahlum. The following is intended to summarize the high points of our discussion

First, would Charter be willing to consider a three month non-compete period rather than the six month period currently sought? While we are of the opinion that the non-compete will be determined unenforceable under either Montana or Delaware law, which are the only two options potentially applicable here, and particulary where Charter paid nothing to Mr. Mahlum for such a contract as it immediately withdrew 100% of the RSU when Mr. Mahlum terminated his employment with Charter, we are open to resolving this claim with a shorter non-compete period. This would allow Charter time to replace Mr. Mahlum and put in place whatever it believes appropriate to maintain its ongoing business with minimal interruption to both Charter and Mr. Mahlum. As I stated on the phone, Mr. Mahlum has not presented such an option to the current board of his employer, but wants to know if this is even an option for Charter.

Second, if Charter is not open to resolving the claim with a shortened non-compete period, we are interested in resolving the claim as expeditiously as possible. While we have the option filing a dec action here regarding the sufficiency of the arbitration provision which are generally not favored in Montana particularly when buried within the boilerplate of a contract, and in this case not even an employment contract but a tangential RSU agreement, we recognize that this can get very burdensome and expensive for

C. Adams Decl. | Exhibit 1 (4 Pages)

all parties. Rather than go down that road, we would be open to agreeing to mediate in Connecticut without compulsion from the court there should Charter be willing to not proceed with the Connecticut federal court action. In our view, the Connecticut action is simply unnecessary should Mr. Mahlum agree to arbitration. The requested injunctive relief appears to be beyond the personal jurisdiction of that court under Second Circuit precedent which seems to limit the personal jurisdiction to the question of compelling arbitration or afterward enforcing, vacating or modifying the arbitration award. Moreover, in order to obtain that injunctive relief, the district court would be required to consider the likelihood of Charter's success on the merits, which we believe is at best minimal when applying Montana or Delaware law to the non-compete. Moreover, asking the district court to make that determination seems to invade on the scope of the very issues the arbitrator would be asked to decide. It creates unnecessary expense for Mr. Mahlum in having to hire Connecticut counsel to defend the district court action. If Mr. Mahlum agreed to arbitrate, the agreement would be limited to just that and not a waiver of any arguments to personal jurisdiction that otherwise may exist for him in the Connecticut courts.

Finally, we discussed that aside from the court proceedings and arbitration, it is my view that taking such a strong arm tactic which could result in Mr. Mahlum losing his current position should Charter prevail (which we do not expect to happen but acknowledge there is always risk) is something Charter should consider carefully in a small state such as Montana. Mr. Mahlum is well thought of in the community and in the political circles and Charter's attempts to harm his livelihood likely will have adverse political consequences for Charter without us doing or saying anything at all. That is just the nature of the small community and politics in general.

I am hopeful that we can reach a timely resolution satisfactory to both of our clients. I look forward to discussing further with you. As I previously indicated, I will be around Monday prior to 1pm Mountain time or anytime on Tuesday.

| Chad E. Adams | Browning, Kaleczyc, Berry & Hoven, P.C. |
| Attorney | 800 N. Last Chance Gulch, Ste. 101, Helena, MT 59601 |
| chad@bkbh.com | P.O. Box 1697, Helena, MT 59624 |
| www.bkbh.com | p. (406) 443-6820 |
| | f. (406) 443-6883 |

<u>Confidentiality Notice</u> - This e-mail and its attachments (if any) may contain privileged information, confidential information, proprietary information, attorney/client work product, or other information protected from disclosure by law. Any use, dissemination, disclosure or reproduction of this e-mail other than by the intended recipient as authorized by the sender is strictly prohibited. If you have received this e-mail in error, please delete this e-mail and its attachments (if any) and notify the sender via a reply e-mail, or by telephone at (406) 443-6820. It is not the intention of the sender to waive any privileges, confidentiality rights, proprietary rights or other rights relative to the information contained within this e-mail or any of its attachments.

**From:** Nathan Chapman <nchapman@kcozlaw.com>
**Sent:** Friday, August 25, 2023 6:54 AM
**To:** Chad Adams <Chad@bkbh.com>
**Cc:** Joshua Joel <jjoel@kcozlaw.com>; Bethany Cox <Bethany@bkbh.com>
**Subject:** RE: [External] Charter v. Mahlum

Chad, thanks. Please dial my cell – 404-661-4995

**Nathan D. Chapman**
KABAT CHAPMAN & OZMER LLP
Direct: (404) 400-7303
Email: nchapman@kcozlaw.com

**From:** Chad Adams <Chad@bkbh.com>
**Sent:** Friday, August 25, 2023 8:53 AM
**To:** Nathan Chapman <nchapman@kcozlaw.com>
**Cc:** Joshua Joel <jjoel@kcozlaw.com>; Bethany Cox <Bethany@bkbh.com>
**Subject:** Re: [External] Charter v. Mahlum

3pm works.

Get Outlook for iOS

**From:** Nathan Chapman <nchapman@kcozlaw.com>
**Sent:** Friday, August 25, 2023 6:35:50 AM
**To:** Chad Adams <Chad@bkbh.com>
**Cc:** Joshua Joel <jjoel@kcozlaw.com>; Bethany Cox <Bethany@bkbh.com>
**Subject:** RE: [External] Charter v. Mahlum

Chad, I have had some significant conflicts come up. Are you available at 3 pm MDT? Or I could speak at 8 am MDT. Please let me know.

Thanks,

**Nathan D. Chapman**
KABAT CHAPMAN & OZMER LLP
Direct: (404) 400-7303
Email: nchapman@kcozlaw.com

**From:** Chad Adams <Chad@bkbh.com>
**Sent:** Wednesday, August 23, 2023 8:09 PM
**To:** Nathan Chapman <nchapman@kcozlaw.com>
**Cc:** Joshua Joel <jjoel@kcozlaw.com>; Bethany Cox <Bethany@bkbh.com>
**Subject:** Re: [External] Charter v. Mahlum

Mr. Chapman: That is correct. Thank you. Chad
Get Outlook for iOS

**From:** Nathan Chapman <nchapman@kcozlaw.com>
**Sent:** Wednesday, August 23, 2023 5:58:20 PM
**To:** Chad Adams <Chad@bkbh.com>
**Cc:** Joshua Joel <jjoel@kcozlaw.com>
**Subject:** Charter v. Mahlum

Chad,

It was good speaking with you today. To confirm, we will reconvene on Friday at 9 am MDT to discuss whether a resolution is possible short of further legal action.

Thank you,

**Nathan D. Chapman**
KABAT CHAPMAN & OZMER LLP

171 17th Street NW
Suite 1550
Atlanta, Georgia 30363
Direct: (404) 400-7303
Email: nchapman@kcozlaw.com
www.kcozlaw.com

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.