# Declaration of Chad Adams
# Exhibit 2

## Scott A. Weiss

| | |
|---|---|
| **From:** | Chad Adams <Chad@bkbh.com> |
| **Sent:** | Monday, September 25, 2023 3:53 PM |
| **To:** | Nathan Chapman; Joshua Joel |
| **Cc:** | Scott A. Weiss; Bethany Cox |
| **Subject:** | Mahlum/Charter |

Mr. Chapman and Mr. Joel:

Fed. R. Evid.408 Communication | For settlement purposes only

We are in receipt of your request to know whether Mr. Mahlum has resigned from BroadbandMT. In the Court's opinion entering the TRO, the court stated that "Mr. Mahlum shall *not provide services* for BroadbandMT…which violate[s] any *reasonable* non-compete clauses." We have previously reported to you in an e-mail upon which Charter relies in its recent contempt motion that Mr. Mahlum has not provided any services to BroadbandMT in good faith pending the court's decision since he became aware of the TRO without notice on August 31, 2023. The court refers to "any reasonable non-compete clauses" which is an issue in dispute and is vague. Mr. Mahlum has accorded his conduct reasonably and is in good faith compliance with the prohibition. It also prohibits the disclosure of Charter's confidential information and trade secrets, which he has not done so. The Court does not prohibit "employment" although since he has not provided any services he is not employed in any capacity with BroadbandMT. Since the Court deemed it necessary to add the following and to prohibit "any further action that would violate any other reasonable non-compete clause in the RSU Agreements" we can only infer that this is a reference to the scope of the non-compete which is vague and unenforceable making it difficult to determine which conduct is subject to contempt.

While we disagree with Charter's position and specifically deny that the covenant not to compete is reasonable or that there are any violations of trade secret laws have occurred, we have previously responded to you to let you know that he is in compliance with that order and that Mr. Mahlum is providing no services to BroadbandMT since his receipt of the TRO on August 31, 2023. BroadbandMT considers Mr. Mahlum to have resigned as of August 31, 2023 in order to comply with the TRO in effect at that time. Such resignation from BroadbandMT is to comply with that TRO and will remain pending the resolution of Charter's claim for injunctive relief. By so resigning, Mr. Mahlum is making no admission of liability whatsoever, and is specifically not waiving any claim for wrongful enjoinment or other relief that may be available to him once the merits, or lack thereof, are ultimately decided in this action. Despite the expiration of the TRO, Mr. Mahlum continues to comply in good faith while this matter is resolved.

Additionally, will you please let me know your availability to discuss potential interim employment for Mr. Mahlum and Charter's position on such employment. Given the significant impact on Mr. Mahlum's ability to make a living, I would appreciate discussion with you at your earliest convenience.

| | |
|---|---|
| Chad E. Adams | Browning, Kaleczyc, Berry & Hoven, P.C. |
| Attorney | 800 N. Last Chance Gulch, Ste. 101, Helena, MT 59601 |
| chad@bkbh.com | P.O. Box 1697, Helena, MT 59624 |
| www.bkbh.com | p. (406) 443-6820 |
| | f. (406) 443-6883 |

Confidentiality Notice - This e-mail and its attachments (if any) may contain privileged information, confidential information, proprietary information, attorney/client work product, or other information protected from disclosure by law. Any use, dissemination, disclosure or reproduction of this e-mail other than by the intended recipient as authorized by the sender is strictly prohibited. If you have received this e-mail in error, please delete this e-mail and its attachments (if any) and notify the sender via a reply e-mail, or by telephone at (406) 443-

6820. It is not the intention of the sender to waive any privileges, confidentiality rights, proprietary rights or other rights relative to the information contained within this e-mail or any of its attachments.